Curia, per O’Nealu, J.
That a wharfinger is not liable for a loss to the same extent that a carrier is, is, I think, true ; Theob. ed.' of Jones on Bailm. 97, note; But that there is any other difference as to their rights and liabilities, I am not aware. Both are entitled to be paid for their services, and both have a lien on the goods. This seems to point to the solution -of the question in this case ; for where there is no debt, there is no lien. To whom did the goods belong ? To the defendant-, is the answer. Could he have moved them from the wharf, without paying the wharfinger’s fees ? There can be no doubt that he could not. Why? Because he owed for their custody and care, and the wharfinger, in respect to that, had a lien. Permitting the goods to go without' enforcing the lien, did not pay the debt; the lien was discharged, the debt remained. That it is the rule of law, as well as custom, for the consignee to pay the wharfinger, may, I think, be *372 gathered from the cases on warehouse-men and wharfin-gers, collected in the appendix to Jones on Bailm. 78 et seq. (ed. of 1836.). But it is said, it is the custom here for the consignor to pay the wharfage. It is true, it appeared that factors paid it uniformly, and charged it to their principals. But that did not, it appeared to me, make them necessarily the exclusive debtors to the wharf owners. They had the right to regard them, as well as the owners, liable ; the factors in respect of the delivery of the goods — the owners in respect of their right of property, and the benefit received from the care of the goods and the use of the wharf. A payment by either would discharge the debt.
Here the factor shipping the goods for the defendant, did not pay. the plaintiff, although the defendant paid him; and as .the 'plaintiff’s debt remains unsatisfied, it follows, it it seems to me, that the defendant must pay it. The motion to reverse the decision below is dismissed.
Richardson, Evans and Butler, JJ. concurred,
Wardlaw and Frost, JJ. dissented.